## CHRISTIAN EGBERS *vs.* FRANCIS LOGAN.

*Quere.* Can one tenant in common of a vessel maintain trover against his cotenant without a destruction of the thing held in common?
What is the legal evidence of property in a vessel?

CASE. Trover by one tenant in common of a vessel against his co-tenant.

*Read, jr.,* for plaintiff. This was an action of trover brought under the following circumstances. Egbers and Logan purchased together a schooner called the Ohio; and sailed her on their joint account for some time. Logan afterwards entered the vessel at the custom house in his own name, took out a license as sole owner, and then sold her without the knowledge or consent of his partner Egbers. He offered the license in evidence, and it was objected to.

*Bayard.* The license is no evidence of ownership. The ships husband is the proper person to take out license and give bond; nor is it necessary, by any means, that the names of all the owners should appear in the license. The bill of sale is the only evidence of property. 2 *U. S. L.* 171, § 4, *of act of* 1793; *Abbot on Ship. Old. p.* 94, 86; *Th. Raymond* 15; *Graves* vs. *Saucer,* 2 *Johns. Rep.* 468; *St. John* vs. *Standring; Roscoe Ev.* 408, 6.

*Read, jr.* The evidence is offered to show, not that the property was actually vested in the person named in this license, but to prove the fact that he took out such a license; that is, that he, in the most public manner, took exclusive possession of the vessel and claimed to be the sole owner. It is evidence to establish a conversion.

*Hamilton.* The question before the court is one of *property* as well as conversion. Proof of one must precede the other. Can the property in this vessel be proved by such evidence as this? Moreover the paper itself is not authentic.

It turned out that the paper had no seal to it, and not being duly authenticated, it was rejected on this ground, and the plff. suffered a nonsuit.

The question which he designed to raise in this case was whether one tenant in common of a vessel could be guilty of such a conversion as that trover would lie against him, without an actual destruction of the thing. The older cases are against the action; but a doubt is expressed in 2 *Johns. Rep.*, and very strong in 7 *Com. Law Rep.* 148; *Barton et al* vs. *Williams et al.*

*Read, jr.*, for plaintiff.

*J. A. Bayard* and *Hamilton*, for defendant.